UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEREMY JACKSON | * | CIVIL ACTION NO. |
| | * | |
| PLAINTIFF | * | SECTION |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| LAM CARGO, LLC, AMERICAN | * | MAGISTRATE JUDGE |
| SENTINEL INSURANCE COMPANY, | * | |
| AND ALFONSO MARTINEZ | * | |
| | * | A JURY TRIAL IS DEMANDED |
| DEFENDANTS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
      of the United States District Court
      for the Middle District of Louisiana

Defendant Alfonso Martinez, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby files this Notice of Removal of the action entitled "*Jeremy Jackson v. Lam Cargo, LLC, American Sentinel Insurance Company and Alfonso Martinez*, Civil Docket No. 718484, Sec. 25" on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. In support of this Notice of Removal, Defendant Alfonso Martinez respectfully represents that:

## INTRODUCTION

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Alfonso Martinez under the provisions of 28 U.S.C. § 1441(a). This civil action is among diverse parties who are citizens of

1

different States, and Plaintiff's claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

2.

Plaintiff, Jeremy Jackson, commenced the above-captioned action on April 28, 2022, in the 19th Judicial District Court for the Parish of East Baton Rouge. *See* Exhibit "A," Petition for Damages. Plaintiff's allegations stem from a September 13, 2021, motor vehicle accident at the intersection of Siegen Lane and Reiger Road in East Baton Rouge Parish. *Id.* at ¶ 3. Plaintiff alleges Defendant Alfonso Martinez was employed by Lam Cargo, LLC, thereby making Lam Cargo, LLC vicariously liable for the actions of Alfonso Martinez. *Id.* at ¶ 6. Plaintiff claims that "he sustained personal injuries to his head, chest, neck back shoulders, arms, legs, hands, feet, fingers, toes, elbows, wrists, knees, ankles, hips, torso, ribs, abdomen and/or body as a whole, which injuries have caused your Petitioner to incur medical expenses, and lost wages, which are claimed as special damages" *Id.* at ¶ 4.

**COMPLIANCE WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3.

Plaintiff served American Sentinel through its registered agent for service of process on May 5, 2022. See Exhibit B, Proof of Service. Citation and service were issued to Alfonso Martinez via the Louisiana Long Arm Statute on June 30, 2022. See Exhibit C, Long Arm Citation and Service on Alfonso Martinez. Upon information and belief, no citation or service has been issued to Lam Cargo, LLC.

4.

Plaintiff's Petition for Damages did not specify his damages or other injuries. *Id*. Accordingly, the Petition for Damages did not affirmatively reveal on its face that Plaintiff is seeking damages

in excess of the minimum jurisdictional amount of the federal court. *See Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 400 (5th Cir. 2013). Nevertheless, the allegations in the Petition, information developed through prompt investigation, and representations of Plaintiff's counsel, Paul Lambremont, make it "unequivocally clear and certain" that the subject case is removable, and the potential damages exceed the jurisdictional requirement of $75,000.00. *See Darensburg v. NGM Ins. Co.*, 2014 WL 4072128, *2 (E.D. La. Aug. 13, 2014). Accordingly, this Notice of Removal is timely filed as it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §§ 1446(b)

5.

This removal is timely as it is being filed within 30 days after the issuance of service and citation on Alfonso Martinez.

6.

The 19th Judicial District Court for the Parish of East Baton Rouge is located within the United States District Court for the Middle District of Louisiana. Therefore, venue is proper in the Middle District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders that comprise the state court record is attached as Exhibit "D," State Court Record.

8.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, Alfonso Martinez has given notice to all adverse parties whose identities are

known, and Alfonso Martinez has filed a copy of this Notice of Removal with the Clerk of the State Court. Exhibit "E," Notice to State Court and Adverse Party of Filing of Notice of Removal.

9.

Co-defendant American Sentinel Insurance Company of American, Inc. consents to this Notice of Removal. *See* Exhibit "F," Consent to Removal. Co-defendant Lam Cargo, LLC has not been served, and therefore consent to removal is not required at this time. 28 U.S.C. §§ 1446(b)(2)(A). Nevertheless, Lam Cargo, LLC will be represented by undersigned counsel once served, and it would consent to this removal.

## **DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

10.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) because this is a civil action where (a) the parties in interest are citizens of different States and (b) the amount in controversy exceeds $75,000.00.

### **All Parties are Diverse**

11.

There is complete diversity of citizenship between the Plaintiff and the Defendants named in this matter. Plaintiff's Petition alleges that Jeremy Jackson is domiciled in East Baton Rouge Parish, Louisiana. *See* Exhibit "A," Petition for Damages, at Preamble.

12.

Defendant Lam Cargo, LLC is a Texas Limited Liability Company with its principal place of business in the State of Texas, and its members are citizens of the State of Texas. *See* Exhibit "G," Texas Secretary of State Record. Therefore, Lam Cargo, LLC is considered a citizen of Texas and is diverse from the Louisiana Plaintiff.

13.

Defendant Alfonso Martinez is domiciled in the State of Texas. *See* Exhibit "A" at ¶ 1. Therefore, Defendant Martinez is considered a citizen of Texas and is diverse from the Louisiana Plaintiff.

14.

Defendant American Sentinel takes on the citizenship of its insured, Lam Cargo, LLC, for the purposes of determining diversity in a direct action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, American Sentinel is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. *See* Exhibit "H," Louisiana Department of Insurance Record for American Sentinel Insurance Company. Therefore, American Sentinel is considered to be a citizen of Texas and Pennsylvania and is diverse from the Louisiana Plaintiff.

15.

For the foregoing reasons, Defendant submits that there is complete diversity between all parties, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000.00**

16.

Plaintiff's allegations stem from a motor vehicle accident that allegedly resulted in personal injury. In the Petition, Plaintiff alleges that "he sustained personal injuries to his head, chest, neck back shoulders, arms, legs, hands, feet, fingers, toes, elbows, wrists, knees, ankles, hips, torso, ribs, abdomen and/or body as a whole, which injuries have caused your Petitioner to incur medical

expenses, and lost wages, which are claimed as special damages" See Exhibit "A," Petition for Damages at ¶ 4.

17.

Plaintiff's Petition does not state the amount in dispute. *See* Exhibit "A."

18.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages…the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000) (internal citations omitted).

19.

Based upon information provided by Plaintiff's counsel, Mr. Jackson has suffered alleged injuries to his neck, back, and shoulder. He has undergone two cervical epidural steroid injections and has received a recommendation for a right shoulder arthroscopy. Exhibit "I," Demand. His past incurred medical specials are $11,032, and future medical specials are estimated to be $37,745. *Id.* This does not include general damages claimed by Plaintiff. Regarding general damages, the plaintiff in *Davis v. Vosbein,* 12-626 (La. App. 5 Cir. 5/16/13), 119 So.3d 100, received a general damage award of $45,000 after suffering a torn rotator cuff and receiving a recommendation for a future surgery. The plaintiff in *Blanchard v. Allstate Ins. Co.*, 2018-06745 (Civil District Court 07/23/21) received a general damage award of $55,000 after undergoing three epidural steroid injections. In *Thain v. Nationwide Ins. Co.,* 665,697 (19th JDC 02/25/21), the plaintiff received a general damage award of $70,000 after suffering herniated discs that required

6

conservative care, and the plaintiff had a recommendation for epidural steroid injections at the time of trial. Lastly, in *Malek v. Mollere*, 798-645 (24th JDC 03/31/21), the plaintiff received $48,000 in general damages after suffering three non-surgical disc bulges.

20.

Based on the injuries allegedly sustained, the past and future medical expenses alleged, it is clear that Mr. Jackson's potential damages exceed the jurisdictional minimum of $75,000.00 under 28 U.S.C. §§ 1332(a).

21.

Plaintiff has not sought to limit his damages in any way. While Alfonso Martinez admits no liability, nor causation for any element of damages, Alfonso Martinez has met its burden of showing that the amount in controversy exceeds the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441. For the foregoing reasons, Alfonso Martinez submits that the amount in controversy reasonably exceeds $75,000.00, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

## **CONCLUSION**

22.

For all the reasons outlined above, this civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Alfonso Martinez under the provisions of 28 U.S.C. §§ 1441(a). The parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

23.

This removal is made with Alfonso Martinez reserving all rights to assert and plead any and all defenses to the claims presented by Plaintiff, Jeremy Jackson.

24.

No previous application has been made for the relief requested herein.

25.

Alfonso Martinez is entitled to and requests a jury trial on all issues so triable.

26.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant Alfonso Martinez prays that the above action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

*/s/:  Heather N. Shockley*
**MICHAEL R. SISTRUNK**, **T.A**. (Bar No. 12111)
**HEATHER N. SHOCKLEY** (Bar No. 33296)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL, & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA  70433
Telephone:     (504) 831-0946
Facsimile:     (800) 977-8810
Email: msistrunk@mcsalaw.com
Email: hmn@mcsalaw.com
***Attorneys for Defendant, Alfonso Martinez***

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 28th day of July, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

                */s/: Heather N. Shockley*
                **HEATHER N. SHOCKLEY**